## Rock-Park 94 LLC v CAMBA, Inc.

2024 NY Slip Op 30789(U)

March 11, 2024

Supreme Court, Kings County

Docket Number: Index No. 523058/2021

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 11th day of March
2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------X

ROCK-PARK 94 LLC,

                Plaintiff,

          -against-

CAMBA, INC. and JOHN DOE, their heirs,
devisees and personal representatives and his,
their or any of their successors in right, title and
interest, the name of the last defendant being
unknown to the Plaintiff, the person or Party
intended to be any person in possession of or
claiming interest in the property described in
the Complaint, and whose interests may not
have been protected under applicable
emergency rent laws

                Defendants.

-------------------------------------------------------------------X

**DECISION, ORDER
& JUDGMENT**
Index No. 523058/2021

      By notice of motion, under motion sequence one, filed on December 30, 2022, defendant CAMBA, Inc. sought an order: (1) pursuant to CPLR 602, consolidating several civil actions involving common questions of fact and law (*see* fn 1); and (2) pursuant to CPLR 3211 (a) (7) dismissing the complaint of ROCK-PARK 94 LLC, (hereinafter the plaintiff). This motion was opposed by the plaintiff.

      NYSCEF document numbers 14 through and including 27 were considered in deciding the motion.

**BACKGROUND**

      Plaintiff filed the instant complaint against CAMBA, Inc. (hereinafter CAMBA) and

John Doe on September 9, 2021. CAMBA is a nonprofit that rents apartments to provide

supportive housing. The complaint contained four causes of action: a request for a declaratory

[* 1]

judgment that the premises were not rent stabilized; a request for a judgment of ejectment; a request for a judgment for use and occupancy; and a request for a judgment for attorneys' fees against CAMBA.

CAMBA answered the complaint on October 15, 2021.

The plaintiff replied to CAMBA's counterclaims on November 4, 2021.

**MOTION PAPERS**

In December 2022, CAMBA moved to consolidate this action with nine other related actions seeking identical relief against CAMBA and the apartment occupants with respect to nine other apartments and to dismiss each complaint.[1]

CAMBA's motion papers, include an affirmation of counsel, a memorandum of law, and four annexed exhibits labeled A through D which include the pleadings and a notice of termination.

The plaintiff's opposition papers include an affirmation of counsel, a memorandum of law, and three annexed exhibits including a copy of Rent Stabilization Code Section 2520.11, the summons, complaint, and answers filed in the instant action.

CAMBA filed a memorandum of law in reply to the plaintiff's opposition papers. At oral argument, the Court indicated that it would reserve decision on that portion of the motion

---

[1] The captions for the ten cases are as follows: 55 Lenox LLC v CAMBA, Inc. and Deydalia Quijada, 523050/2021; Rock-Park 94 LLC v CAMBA, Inc. and Towanda Daniels, 523051/2021; Rock-Park 94 LLC v CAMBA, Inc. and Jeanna Thelwell, 523052/2021; West Sterling 131 LLC v CAMBA, Inc. and John Doe 523053/2021; West Sterling 131 LLC v CAMBA, Inc. and Que Jackson-Munoz, 523055/2021; West Sterling 131 LLC v CAMBA, Inc. and Melissa Watts, 523056/2021; RP82 LLC v CAMBA, Inc. and Jaclyn Vazquez, 523057/2021; Rock-Park 94 LLC v CAMBA, Inc. and John Doe, 523058/2021; Rock-Park 94 LLC v CAMBA, Inc. and Jeanna Thelwell, 523059/2021; and Rock-Park 94 LLC v CAMBA, Inc. and John Doe, 523061/2021. The Legal Aid Society appeared as counsel in the seven cases where the occupants were added as defendants and filed motions raising identical arguments on behalf of the occupants in these seven cases. CAMBA also filed identical motions in all ten cases.

[* 2]

seeking consolidation until after it had rendered decision on the motions to dismiss. The parties assented to this proposal.

**LAW AND APPLICATION**

CAMBA move to dismiss the complaint pursuant to CPLR 3211 (a) (7). "When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 682 [2d Dept 2012] quoting *Sokol v Leader*, 74 Ad3d 1180, 1180-1181 [2d Dept 2010]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.*). "However, bare legal conclusions are not presumed to be true and are not accorded every favorable inference" (*Kupersmith v Winged Foot Golf Club, Inc.*, 38 AD3d 847, 847 [2d Dept 2007], citing *McKenzie v Meridian Capital Group, LLC*, 35 AD3d 676 [2d Dept 2006]).

Apartments in New York City in buildings constructed before 1974 are subject to rent stabilization unless an exemption applies (*see* Rent Stabilization Code [9 NYCRR] § 2520.11). Rent stabilized tenancies may only be terminated by following the procedures set out in the Rent Stabilization Code (*see* 9 NYCRR § 2524.2). The termination notice must state the ground under section 2524.3 or 2524.4 of the Rent Stabilization Code, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession" (9 NYCRR § 2524.2 [b]). The failure to serve a proper termination notice is a basis for dismissal of the landlord's claim for possession (*see Matter of Gracecor Realty Co. v Hargrove*, 90 NY2d 350, 354 [1997]; *Commercial Hotel, Inc. v White*, 194 Misc 2d 26 [App Term, 2d Dept 2002]).

[* 3]

The plaintiff has alleged two bases for exemption: RSC § 2520.11 (f) and that CAMBA is a corporation. Neither is a valid basis for exemption. RSC § 2520.11 (f) provides an exemption from rent stabilization as between certain nonprofit institutions and individuals affiliated with the nonprofit. It does not provide an exemption when a nonprofit sign a lease with a for-profit landlord (*2363 ACP Pineapple, LLC v Iris House, Inc.*, 55 Misc 3d 7, 9-10 [App Term, 1st Dept 2017], citing *520 E. 81st St. Assoc. v Lenox Hill Hosp.*, 38 NY2d 525, 528 [1976]). These cited cases and others also make clear that a corporation can hold a rent-stabilized tenancy.

The plaintiff argues that there is a factual allegation that prevents dismissal, due to CAMBA's acknowledgement in the lease that the apartment was exempt from rent stabilization. The plaintiff's complaint alleges that the subject property is exempt from the rent stabilization law because the subject lease of the property contained language expressing the parties' waiver from the rent stabilization law. Facts admitted by a party's pleadings constitute formal judicial admissions (*Zegarowicz v Ripatti*, 77 AD3d 650, 653 [2d Dept. 2010], citing *Falkowski v 81 & 3 of Watertown, Inc.*, 288 AD2d 890, 891 [4th Dept. 2001]; Jerome Prince, Richardson on Evidence § 8-215, at 523-524 [Farrell 11th ed. 1995]). Formal judicial admissions are conclusive of the facts admitted in the action in which they are made (*Zegarowicz*, 77 AD3d at 653, citing *Coffin v Grand Rapids Hydraulic Co.*, 136 NY 655 [1893]). It is therefore a conclusive fact, that the plaintiff was relying on a waiver clause in the lease agreement to render the subject property exempt from the rent stabilization law. In other words, there is no issue of fact on the plaintiff's reliance of this lease provision in support of its contention that the rent stabilization law does not apply. However, this waiver language in the subject lease is null and void, as it is contrary to law and public policy to waive rights under rent stabilization (9 NYCRR § 2520.13; *Drucker v Mauro*, 30 AD3d 37, 39 [1st Dept 2006]). The

[* 4]

legal conclusion that plaintiff asserts is not entitled to any favorable inference under CPLR 3211 (a) (7).

As such, the plaintiff's claimed exemptions are invalid; the apartment is subject to rent stabilization. Therefore, the plaintiff's claim for ejectment is dismissed because it has failed to serve the notice required by the Rent Stabilization Code before bringing such a claim (*Commercial Hotel v White*, 194 Misc 2d 26, 27 [App. Term 2002]).

Similarly, the plaintiff is not entitled to a declaratory judgment that the apartment is not subject to rent stabilization, because it is subject to rent stabilization. Furthermore, because plaintiff's claim for ejectment is hereby dismissed, it cannot prevail on its claims for use and occupancy or attorneys' fees, which are ancillary to the claim for ejectment. Therefore, those claims are dismissed as well.

**CONCLUSION**

CAMBA Inc.'s motion for an order pursuant to CPLR 3211 (a) (7) to dismiss the complaint of plaintiff ROCK-PARK 94 LLC, is granted.

Accordingly, the branch of defendant CAMBA Inc.'s motion for an order pursuant to CPLR 602 to consolidate several civil actions involving common questions of fact and law is denied as moot.

It is the Decision, Order and Judgment of this Court that the action is dismissed.

ENTER:

_____
J.S.C.

HON. FRANCOIS A. RIVERA

[* 5]